McGREGOR W. SCOTT
United States Attorney
STANLEY A. BOONE
SHEILA K. OBERTO
STEPHANIE HAMILTON BORCHERS
Assistant U.S. Attorneys
4401 Federal Building
2500 Tulare Street
Fresno, California 93721
Telephone: (559) 497-4000

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 1:04-CR-05372 OWW |
| | ) | |
| Plaintiff, | ) | APPLICATION AND ORDER FOR |
| | ) | MONEY JUDGMENT |
| v. | ) | |
| | ) | |
| SEVERO RAMIRO PENA, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

On October 6, 2006, defendant Severo Ramiro Pena was found guilty of Counts One through Fifteen of the Indictment in violation of 18 U.S.C. §§ 1341 and 2 - Mail Fraud and Aiding and Abetting; and Counts Sixteen through Twenty of the Indictment in violation of 18 U.S.C. § 1028(a)(7) - Identity Theft.  The Indictment also included a forfeiture allegation pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) which allowed for the forfeiture of a sum of money equal to the total amount of money involved in each offense, or conspiracy to commit such offense, for which the defendant is convicted.  The forfeiture allegation also included forfeiture of real property as a substitute asset pursuant to 18 U.S.C. § 982(b)(1), incorporating 21 U.S.C. § 853(p).

1   On April 13, 2007, a Forfeiture Hearing was held in this action.
2  Plaintiff hereby applies for entry of a money judgment as follows:
3   1.   Pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c),
4  and Fed. R. Crim. P. 32.2(b)(1), the Court shall impose a personal
5  forfeiture money judgment against defendant Severo Ramiro Pena in the
6  amount of $124,819.
7   2.   The above-referenced personal forfeiture money judgment is
8  imposed based on defendant Severo Ramiro Pena's conviction for
9  violating 18 U.S.C. §§ 1341 and 2 (Counts One through Fifteen) and 18
10 U.S.C. § 1028(a)(7) (Counts Sixteen through Twenty).  Said amount
11 reflects the total amount of money involved in each offense for which
12 the defendant was convicted and the scheme to defraud.  Any funds
13 applied towards such judgment shall be forfeited to the United States
14 of America and disposed of as provided for by law.
15   3.   The $124,819 personal money judgment shall be paid in full by
16 May 30, 2007.  Payment should be made in the form of a cashier's check
17 made payable to the U.S. Marshals Service and sent to the U.S.
18 Attorney's Office, Att: Asset Forfeiture Unit, 4401 Federal Building,
19 2500 Tulare Street, Fresno, California 93721.  Prior to the imposition
20 of sentence, any funds delivered to the United States to satisfy the
21 personal money judgment shall be seized and held by the U.S. Marshals
22 Service, in its secure custody and control.
23   4.   The money judgment order shall be without prejudice to the
24 Government's ability to proceed under Fed. R. Crim. P. 32.2(e) to
25 include property not located and identified at the time of the money
26 judgment order or the ability to use substitute assets to satisfy the
27 personal forfeiture money judgment.  To the extent that the Government
28 realizes any sums from the forfeiture of other assets, the sum of the

1  $124,819 money judgment shall be reduced accordingly.

2  DATED: May 8, 2007                          McGREGOR W. SCOTT
                                                United States Attorney

4                                               /s/ Stephanie Hamilton Borchers
                                                STEPHANIE HAMILTON BORCHERS
5                                               Assistant U.S. Attorney

### O R D E R

For good cause shown, the Court hereby imposes a personal forfeiture money judgment against defendant Severo Ramiro Pena in the amount of $124,819.  The $124,819 personal money judgment shall be paid in full by May 30, 2007.  Any funds applied towards such judgment shall be forfeited to the United States of America and disposed of as provided for by law.  Prior to the imposition of sentence, any funds delivered to the United States to satisfy the personal money judgment shall be seized and held by the U.S. Marshals Service, in its secure custody and control.  This order shall be without prejudice to the Government's ability to proceed under Fed. R. Crim. P. 32.2(e) to include property not located and identified at the time of this order, or the ability to use substitute assets to satisfy the personal forfeiture money judgment.  To the extent that the Government realizes any sums from the forfeiture of other assets, the sum of the $124,819 money judgment shall be reduced accordingly.

IT IS SO ORDERED.

**Dated:   May 17, 2007**                        **/s/ Oliver W. Wanger**
                                                 UNITED STATES DISTRICT JUDGE